IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA M. DANIELS,

        Plaintiff,

v.          Case No. 24-cv-4109-JWB

DAVID MARCHBANKS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Rader and Defendant Juin's joint motion to dismiss. (Doc. 17.) Although Defendants filed a memorandum in support (Doc. 18), Plaintiff has not responded to the motion and the time for doing so has expired. The motion is granted for the reasons stated herein.

**I.**     **Facts**

The following facts are taken from Plaintiff's complaint and assumed true for purposes of the motion. (Doc. 1.) On July 25, 2024, Plaintiff drove into a McDonald's parking lot in Overland Park, Kansas. (*Id*. at 4.) She proceeded to park, but before she could exit her vehicle, Defendant David Marchbanks drove his Johnson County Sheriff's vehicle behind Plaintiff's car and ordered her to exit the vehicle at gunpoint.[1] (*Id.*) Plaintiff complied with Officer Marchbanks's order and was placed in handcuffs. (*Id*.)

---

[1] In his answer to Plaintiff's complaint, Defendant Marchbanks, "denies the allegation that he was a Johnson County Sheriff's Deputy during his encounter with Plaintiff." (Doc. 23 at 1, ¶ 3.) Although Plaintiff may have incorrectly identified Defendant Marchbanks's position and title, the court will assume that he was acting as a law enforcement officer under color of law (as was pled in the complaint) for purposes of the present motion. Marchbanks has not joined in the present motion to dismiss, opting instead to file his own answer to the complaint. (Doc. 23.)

1

Officer Marchbanks then proceeded to conduct a pat-down search of Plaintiff. During this process he asked Plaintiff if she had anything illegal on her. After Plaintiff replied yes and told him there was something in her front-right pocket, Officer Marchbanks reached into the same pocket and removed a bag filled with a substance which later tested positive for methamphetamine. When he asked if Plaintiff had any other illegal items on her, Plaintiff replied that she had something "in [her] bra." (*Id.*) At that point, Officer Marchbanks called for a female officer to conduct a more thorough search. While both Plaintiff and Officer Marchbanks waited for that officer to arrive, Officer Marchbanks proceeded to search Plaintiff's car and read her Miranda rights. (*Id.* at 5.) Officer Marchbanks also informed Plaintiff that "he would be seizing both [her] Pink+White Iphone [sic] and [her] black android phone." (*Id.*)

Defendants Rader and Juin then arrived on the scene. While Officer Rader searched Plaintiff and her bra, removing drugs from the Plaintiff's person, Officer Juin counted the money obtained from Plaintiff's purse. (*Id.*) After this second personal search, Plaintiff was placed in the back of Officer Rader's police vehicle and taken to an Adult Detention Center for booking and processing. (*Id.*) Plaintiff also alleges that at some point after his arrival on the scene, Officer Juin attempted to "silence or stop what was taking place" by making a cutthroat gesture towards Officer Marchbanks, but the complaint is unclear which specific actions (if any) by Officer Marchbanks brought about this alleged gesture. (*Id.* at 6.)

Plaintiff sued the Defendants under 42 U.S.C. § 1983 alleging illegal seizure, illegal arrest, and unlawful detention against all defendants, along with a claim of failure to intervene against Defendants Rader and Juin. (Doc. 1 at 7–9.) Defendants Rader and Juin have now filed a motion to dismiss all claims in both their individual and official capacities. (Docs. 17, 18.)

**II.     Standard**

To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.    Analysis**

As an initial matter, Plaintiff does not state whether she is suing Defendants Rader and Juin in their individual or official capacities. When a complaint fails to specify the capacity in which a government official is being sued, courts "look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007). In reviewing the complaint, Plaintiff is seeking both damages and punitive damages from Defendants. Punitive damages are not a remedy available against the State, and the Tenth Circuit has held in similar situations that these sorts of damages indicate that Defendants are being sued only in their individual capacity. *Pride v. Does*, 997 F.2d 712, 715–16 (10th Cir. 1993). Therefore, the court construes Plaintiff's claims as being brought against Defendants Rader and Juin in their individual capacities.

In response to the individual capacity claims, Defendants Rader and Juin argue that they are entitled to qualified immunity for their actions. "Individual defendants named in a § 1983 action may raise a defense of qualified immunity." *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013). Qualified immunity "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo*, 739 F.3d at 460.

In her complaint, Plaintiff raises four claims against each of the Defendants: (I) illegal seizure of property and person in violation of the Fourth Amendment, (II) illegal arrest, (III) failure to intervene, and (IV) unlawful detention. (Doc. 1 at 7–9.) She does not specify which claims apply to which Defendants, although failure to intervene to prevent Officer Marchbanks alleged violation of Plaintiff's rights can only apply to Defendant Rader and Defendant Juin after they arrived on the scene. As such, the court will liberally construe all claims as applying to Defendant Rader and Defendant Juin.

Starting with Plaintiff's claims I, II, and IV, by the time that Defendant Rader and Defendant Juin arrived at the McDonalds, Plaintiff had already been placed under arrest by Officer Marchbanks, had admitted to possessing illegal substances, and had told Officer Marchbanks the location of the drugs on her person for which Defendant Rader later searched. A lawful arrest without a warrant must be based on probable cause that unlawful activity is ongoing or has already occurred. *Mann v. Purcell*, 718 F. Supp. 868, 875 (D. Kan. 1989). "Probable cause exists where the facts and circumstances within an officer's knowledge, and of which he had reasonably

trustworthy information, are sufficient to warrant a prudent man in believing that an offense has been or is being committed." *Id*. At the time Defendant Rader and Defendant Juin were called to the scene and became involved in this matter, there was sufficient evidence for a reasonable suspicion to exist that Plaintiff had committed a crime, since Plaintiff herself admitted that the substances recovered from her person were illegal.

Based on the totality of the circumstances that lead to Plaintiff being searched by Defendant Rader and transported to the detention center for processing, the court concludes that Defendant Rader and Defendant Juin had probable cause to search, detain, and transport Plaintiff. Hence, Plaintiff cannot show that Defendant Officers' decision to search and detain her was a violation of a federal constitutional or statutory right. Therefore, Defendants Rader and Juin's motion to dismiss Plaintiff's claims I, II, and IV is granted on qualified immunity grounds.

Moving to the failure to intervene claim, Plaintiff alleges that both Defendant Rader and Defendant Juin failed to intervene to prevent a violation of her Fourth Amendment rights. (Doc. 1 at 9 (alleging that these two defendants "failed to prevent Sheriff Marchbanks from conducting an Illegal search + seizure [sic] of my person + property [sic]").) From the outset, it is unclear what search and seizure Defendants Rader and Juin could have intervened to prevent, because the actions alleged to have been violative of Plaintiff's Fourth Amendment rights occurred prior to their arrival on the scene. "The Tenth Circuit has recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Bledsoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. 2022) (citation omitted). However, in order to bring a failure to intervene claim in the search and seizure context of the Fourth Amendment, a Plaintiff must show (1) that an officer had reason to know that a Fourth Amendment violation had been committed by another

law enforcement official, and (2) and the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Reid v. Wren*, 57 F.3d 1081 (10th Cir. 1995). In this case, the allegedly illegal search and seizure occurred before Defendant Rader and Defendant Juin arrived on the scene. Even assuming Officer Marchbank's warrantless initial arrest, pat-down search of the Plaintiff, search of the car, or seizure of Plaintiff's two phones could have potentially provided a basis for a failure to intervene claim, these actions occurred before Defendants Rader and Juin arrived and so they would have no basis to prevent the violations from occurring.[2] Therefore, Plaintiff has failed to establish adequate claims against Defendant Rader and Defendant Juin regarding their failure to intervene, and as such the motion to dismiss is granted as to these claims.

## IV. Conclusion

The motion to dismiss by Defendant Rader and Defendant Juin (Doc. 17) is GRANTED. IT IS SO ORDERED. Dated this 22nd day of July 2025.

                                                                                          _s/ John Broomes_____
                                                                                          JOHN W. BROOMES
                                                                                          UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does allege that Defendant Juin attempted to stop some unknown action of Officer Marchbanks by making a throat-cutting gesture. (Doc. 1 at 6.) However, Plaintiff does not provide any facts as to what Officer Marchbanks was doing at that point in time, nor does Plaintiff identify any illegal behavior occurring contemporaneously with the gesture as to give it some legal significance. Thus, the mere this fact that Defendant Juin made a gesture does not satisfy the standard for a failure to intervene claim and does not enable the claim to survive the motion to dismiss.